IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN EVANS, *Plaintiff(s)* } } } | | |
| v. } } | | CIVIL ACTION NO. H-04-1510 |
| PEMEX a/k/a Petroleos Mexicanos S.A., *et al.*, } *Defendant(s)* } | | |

**MEMORANDUM OPINION & ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is Defendants Petroleos Mexicanos ("PEMEX") and PEMEX Exploracion y Produccion's ("PEP") motion to dismiss for lack of subject matter and personal jurisdiction (Doc. 21). For the reasons set forth below, the Court **ORDERS** that the motion is **GRANTED**.

**I.    BACKGROUND AND RELEVANT FACTS**

This action arises from an injury suffered by Plaintiff Kevin Evans ("Evans"), a U.S. citizen, while working on an oil platform in the territorial waters of Mexico in October 2003. The platform was owned by PEP. PEP is a decentralized public entity of the Mexican government with its headquarters in Mexico City, and is organized and exists under the laws of the Sovereign State of Mexico. PEP is a subsidiary of PEMEX, which is likewise a decentralized public entity of the Mexican government. There is no dispute in this case that Defendants are agencies of the Mexican government within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*. ("FSIA").[1] At the time of his injury Evans was working for Cia. Tesco Corporation ("Tesco"), a Mexican corporation headquartered in Mexico City that had contracted with PEP to refurbish the

---

[1] *See United States v. Moats,* 961 F. 2d 1198, 1204, n.7 (5th Cir. 1992) ("It is undisputed that PEMEX, the nationalized petroleum company of Mexico, falls within the definition of foreign state for purposes of sovereign immunity."); *Stena Rederi AB v. Comision de Contratos del Comite Ejecutivo General,* 923 F. 2d 380, 382, n.2 (5th Cir. 1991) ("Petroleos Mexicanos is an agency of the United Mexican States charged with the obligation to preserve, explore and produce Mexico's hydrocarbon resources.").

oil platform.  Evans filed suit in this Court in January 2004.[2]  Plaintiff asserts claims for negligence, gross negligence, and strict liability, and seeks "in excess of a sum $1 million actual damages" and "punitive damages, not exceeding nine (9X) times his actual damages."[3]  Defendants have filed their motion to dismiss and Plaintiff has responded.  The motion is ripe for ruling.

## II.   ANALYSIS

The threshold issue in this action is whether or not Defendants are entitled to immunity under the FSIA.  "The general rule under the FSIA is that foreign states are immune from the jurisdiction of the United States Courts."[4]  Specifically, section 1604 of the FSIA states:

> Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.[5]

Both subject matter jurisdiction and personal jurisdiction exist in an action against a foreign state "only when one of the exceptions to foreign sovereign immunity in §§ 1605-07 applies."[6]  Although  "a party claiming FSIA immunity retains the ultimate burden of persuasion on immunity, it need only present a *prima facie* case that it is a foreign state; and, if it does, the burden shifts to the party opposing immunity to present evidence that one of the exceptions to immunity applies."[7]  The only exceptions alleged by Plaintiff to be applicable here are those found in 28 U.S.C. § 1605(a)(2).  That section states:

---

[2]This case was originally filed in the Galveston Division of this Court. Judge Kent subsequently *sua sponte* transferred this action to the Houston division.

[3]*First Amended Complaint* (Doc. 13) at 2-4.

[4]*Moran v. The Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir.1994).

[5]28 U.S.C. § 1604.

[6]*Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 n.3 (1989); *see also Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 485 n.5 (1983) ("Under the [FSIA],...both statutory subject-matter jurisdiction...and personal jurisdiction turn on application of the substantive provisions of the [FSIA]").

[7]*Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 847 (5th Cir.), *cert. denied*, 531 U.S. 979 (2000).  As noted above, there is no dispute that Defendants have made out a *prima facie* case that they qualify as foreign states.

>(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case--
>   * * *
>   (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;[8]

For any of the three types of acts identified in Section 1605(a)(2) to apply, the Fifth Circuit requires that there be a "nexus" between the underlying claim and the commercial activity in (or having a direct effect in) the United States.[9]  Furthermore, "[i]n order to satisfy the commercial activities exception to sovereign immunity, the commercial activity that provides the jurisdictional nexus with the United States must also be the activity on which the lawsuit is based."[10]

Plaintiff has failed to establish any nexus between his claim and any commercial activity by Defendants.  Although Plaintiff asserts that he is entitled to discovery on the issue of whether § 1605(a)(2) applies, and that the motion to dismiss should be held in abeyance until such discovery is completed, the Court finds that in this particular case that argument lacks merit. Plaintiff has failed to allege or otherwise explain to this Court how § 1605(a)(2) might even conceivably apply in this action.  Plaintiff has done nothing more than allege in his complaint that "the 'commercial activity' exceptions [of] 28 U.S.C. § 1605(a)(2)" apply.[11]  Plaintiff has not specified which specific exception under § 1605(a)(2) he believes applies. Furthermore, the only relevant factual allegation of any sort offered by Plaintiff to establish a nexus between his claim and Defendants' commercial activities is that, presumably in connection with Plaintiff's work on the oil platform, an "iron rough neck" that had been manufactured in the United States was to be removed from the platform and another "iron rough neck" which was also manufactured in the

---

[8] 28 U.S.C. § 1605(a)(2).

[9] *See Tubular Inspectors, Inc. v. Petroleos Mexicanos,* 977 F.2d 180, 184 (5th Cir.1992); *Stena Rederi AB v. Comision de Contratos del Comite,* 923 F.2d 380, 386-87 (5th Cir.1991); *Vencedora Oceanica Navigacion v. Compagnie Nationale Algerienne De Navigation,* 730 F.2d 195, 202- 204 (5th Cir.1984).

[10] *Stena Rederi,* 923 F.2d at 387.

[11] *First Amended Complaint* (Doc. 13) at 2.

United States was to be installed in its place.[12] The Court finds this factual allegation inadequate to support an exception under § 1605(a)(2).  In the same vein, the Court finds that Plaintiff is not entitled to burden a foreign sovereign with discovery requests unless he can at least first allege an adequate basis for an applicable exception under the FSIA.[13]  Accordingly, Plaintiff's assertion that he is entitled to discovery lacks merit, and Defendants' motion to dismiss should be granted.  Both Defendants are entitled to sovereign immunity and both subject matter jurisdiction and personal jurisdiction are lacking in this action.

### III.  CONCLUSION

Plaintiff has failed to come forward with sufficiently specific allegations–or, consequently, with any evidence–to establish that any exception to Defendants' claims of sovereign immunity under the FSIA are applicable in this action.  Accordingly, the Court **ORDERS** that Defendants' motion to dismiss is **GRANTED**.  All other pending motions are **DENIED** as moot.

**SIGNED** at Houston, Texas, this 11th day of May, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[12] *Plaintiff's Reply to Defendants' Motion to Dismiss* (Doc. 35) at 2.

[13] *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir.), *cert. denied*, 531 U.S. 979 (2000) ("when FSIA immunity has been claimed, unlimited jurisdictional discovery is *not* permitted as a matter of course.") (emphasis in original); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.3d 528, 534 (5th Cir. 1992) ("The court was enticed into its discovery order prematurely, however. Several courts have observed the tension between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery. The potential conflict is not unlike that attendant to claims that challenge domestic government officials' qualified immunity from suit. At the very least, discovery should be ordered circumspectly *and only to verify allegations of **specific** facts* crucial to an immunity determination.") (emphasis added and internal citations omitted).